CLAYTON T. A. FRENCH and Another, Doing Business under the Firm Name of FRENCH & FRENCH, Appellants, v. ROBERT S. ABBOTT PUBLISHING COMPANY, INCORPORATED, and Another, Respondents.

First Department, March 30, 1928.

**Attorney and client — fees — financial ability of client may be considered in determining amount of fees.**

In an action by attorneys to recover the reasonable value of their services in the defense of an action it is error for the court to reject evidence as to the financial ability of the client, for in fixing a proper charge the jury had the right to consider the financial ability of the client.

DOWLING, P. J., and MERRELL, J., dissent.

APPEAL by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 30th day of March, 1926, and also from an order entered on the 29th day of March, 1926.

*Cornelius W. McDougald*, for the appellants.

*Pope B. Billups* of counsel [*Billups & Johnson*, attorneys], for the respondents.

PROSKAUER, J. Plaintiffs challenge as inadequate a verdict in their favor in an action to recover the reasonable value of services rendered by them as attorneys in the defense of a libel suit. " The pecuniary ability of the client " is an element in determining the reasonable value of an attorney's services. (*Randall* v. *Packard*, 142 N. Y. 47, 56.) Upon cross-examination of the defendant Abbott the plaintiff's counsel sought to elicit the circulation of the defendant's newspaper, its income, its financial standing, and asked a number of questions relevant to the impeachment of the witness' testimony that the defendants would not have been able to respond in damages for a $35,000 verdict in the libel suit. In excluding this testimony the court remarked: " There is no justification because a man is able to pay a bill, to charge him in excess of what is the reasonable value of the services rendered." An exception was duly noted to this observation. Although the court shortly

thereafter conceded that the defendant's financial standing might be an element in appraising the value of the plaintiffs' services, there was further exclusion of inquiry as to the corporation taxes and income taxes paid by the defendants and as to the circulation of the defendants' newspaper.

These erroneous rulings require a reversal of the judgment.

The judgment and order should, therefore, be reversed and a new trial ordered, with costs to appellants to abide the event.

FINCH and McAVOY, JJ., concur; DOWLING, P. J., and MERRELL, J., dissent.

Judgment and order reversed and a new trial ordered, with costs to appellants to abide the event.